# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:19-cv-05234-JAK (SK) | Date | September 11, 2019 |
|---|---|---|---|
| Title | Daniel Valenzuela v. Christian Pfeiffer | | |

Present: The Honorable    Steve Kim, U.S. Magistrate Judge

| Connie Chung | n/a |
|---|---|
| Deputy Clerk | Court Smart / Recorder |

Attorneys Present for Petitioner:       Attorneys Present for Respondent:

None present                             None present

**Proceedings:**   (IN CHAMBERS) **ORDER TO SHOW CAUSE**

On March 11, 2019, Petitioner constructively filed a petition under 28 U.S.C. § 2254, challenging his May 2012 state conviction and sentence for attempted murder with the use of a firearm. (ECF 1, 9). After Petitioner pled nolo contendere to the crime, he was sentenced to prison for 15 years, which included five years for the substantive offense and an additional 10 years for the firearm enhancement under California state law. (ECF 9 at 2). Petitioner argues, without elaboration, that his sentencing enhancement was somehow unlawful. (ECF 9 at 5). But a federal habeas court has no power or basis to grant relief on that claim for three reasons.

First, it presents a question of state law, so the Court lacks habeas jurisdiction to consider it. *See* 28 U.S.C. § 2254(a) (state prisoner may challenge conviction or sentence "only on the ground that he is in custody in violation of the Constitution or laws . . . of the United States"); *Nelson v. Biter*, 33 F. Supp. 3d 1173, 1176-77 (C.D. Cal. 2014) (claims challenging state sentencing laws do not implicate a federal constitutional right).

Second, even if it had jurisdiction, the Court could not grant relief because the claim is—by Petitioner's own admission—unexhausted. (ECF 9 at 2-3, 5). The Court may not grant habeas relief to claims not raised in the state courts first through a complete round of direct appeals or state habeas petitions. *See* 28 U.S.C. § 2254(b)(1)(A); *Baldwin v. Reese*, 541 U.S. 27, 29 (2004).

Third, even if Petitioner could return to the California state courts and exhaust his sentencing claim, relief would still be unavailable because the claim is untimely by more than five years. Petitioner was sentenced in May 2012 but pursued no direct appeal, so his conviction became final 60 days later in July 2012. *See* Cal. Rules of Court 8.308(a); *Mayer v. Marshall*, 2009 WL 102809, at *1 (C.D. Cal. Jan. 12, 2009). From then, absent any statutory or equitable tolling, Petitioner had one year until July 2013 to file a timely federal petition. *See* 28 U.S.C. § 2244(d)(1)(A). Yet his petition was not constructively filed until March 2019. Statutory tolling is unavailable because Petitioner filed no state habeas petitions. *See* 28 U.S.C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:19-cv-05234-JAK (SK) | Date | September 11, 2019 |
|---|---|---|---|
| Title | Daniel Valenzuela v. Christian Pfeiffer | | |

§ 2244(d)(2).  Nor does there appear a basis for equitable tolling, which is Petitioner's burden to prove.  *See Stancle v. Clay*, 692 F.3d 948, 953 (9th Cir. 2012)

      For all these reasons, Petitioner is ORDERED TO SHOW CAUSE on or before **October 11, 2019** why the Court should not dismiss this action for lack of jurisdiction, failure to exhaust, and untimeliness.  If Petitioner is unable to address all these deficiencies, he may voluntarily dismiss this action using the attached form CV-09.  *See* Fed. R. Civ. P. 41(a).  But if Petitioner does not file a notice of voluntary dismissal or timely response to this Order, this action may be involuntarily dismissed for lack of prosecution.  *See* Fed. R. Civ. P 41(b); L.R. 41-1.